Case No.: 13 cv 4798

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMY JOSEPH, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13 cv 4798 |
| MARBLES LLC, an Illinois limited liability company, and MARBLES HOLDINGS, INC., a Delaware corporation, | ) ) ) ) | Hon. Milton Shadur Magistrate Judge Michael Mason |
| Defendants. | ) | |

**THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

Defendants, Marbles LLC and Marbles Holdings, Inc. ("Defendants" or "Marbles"), and Plaintiff, Amy Joseph ("Plaintiff" or "Class Representative"), on behalf of herself and the proposed Class Members, by and through their respective counsel, respectfully request that this Court enter an order granting preliminary approval of the proposed class action Settlement Agreement ("Agreement") attached hereto as <u>Exhibit 1</u>, approving the forms of the Class Notice attached thereto as Exhibits and setting dates for exclusions, objections, and a hearing for final approval.

In support of this motion, the Parties state as follows:

1. Plaintiff filed this action against the Defendants, alleging willful violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff claims that the Defendants violated 15 U.S.C. §1681c(g) when Plaintiff received from the Defendants an electronically printed point-of-sale receipt at a

Case No.: 13 cv 4798

Marbles store location, which displayed the expiration date of her credit card. Defendants filed an answer denying any liability for willfulness.

2. After engaging in discovery related to the purported class size, average daily sales, the financial status of Defendants, Defendants' need for third-party financing and the jeopardy in which the present litigation placed the ongoing negotiations for said financing, and other issues, and participating in arm's length discussions, the parties reached an agreement to settle Plaintiff's claims, and those of the Class as set forth in the Agreement. (Exhibit 1).

3. Counsel for Plaintiff and Defendants have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the possibility of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiff and Defendants executed the Agreement.

4. Pursuant to the Agreement:

    a. <u>Class Certification</u>. The Parties stipulate to the certification of a class (the "Class") for settlement purposes, defined as:

> All persons who received an electronically printed receipt from any Marbles store in the United States at the point of sale or transaction or via any Internet purchase from the Marbles website occurring between December 6, 2012 and July 5, 2013, which receipt displays the person's credit card or debit card expiration date.[1]

    b. <u>Notice of Class Settlement</u>. Defendants shall, within 14 (fourteen) days after entry of the Preliminary Approval Order, cause actual notice in the form of <u>Exhibit B</u> to the Agreement to be published for 2 (two) consecutive days in *USA Today (*1/16 page B/W*).* Notice,

---

[1] A listing of stores and the websites is attached to the Agreement as <u>Exhibit A</u>.

Case No.: 13 cv 4798

in the form of Exhibit C to the Agreement, will also be published on a website maintained by Class Counsel.

Additionally, within 14 (fourteen) days after entry of the Preliminary Approval Order, Defendants shall post at the top of their website's home page the following Notice:

_____

### NOTICE OF PENDENCY OF CLASS ACTION

TO: All persons who received an electronically printed receipt from any Marbles store in the United States at the point of sale or transaction or via any Internet purchase from the Marbles website occurring between December 6, 2012 and July 5, 2013, which receipt displays your credit card or debit card's expiration date. Please follow the link and read the notice carefully, it may affect your legal rights.

### Please Click on this Link for the Full Legal Notice

_____

Upon clicking the link, the reader will be redirected to the Notice, in the form of Exhibit C to the Agreement.

Defendants shall also post the same above-quoted Notice at the top of their newsletter in the same format to all Rewards Members. The newsletter will be sent out via email no later than 14 (fourteen) days after the entry of the Preliminary Approval Order, which Notice shall be sent to the Marbles Rewards Members' (which includes any Class Members who joined the Rewards Program during the class period) respective last known email address, as reflected in Defendants' records. Defendants' Rewards Members constitute almost 40% (forty percent) of Defendants' customer base during the Class period. Thus, the newsletter notice will be disseminated to nearly half of the Class.

Additionally, notice of each "Customer Appreciation Day" will be published regularly on the Marbles website and at Marbles retail stores. All costs associated with the publication and

Case No.: 13 cv 4798

dissemination of Notice of this Settlement shall be paid by Defendants, with the exception of Class Counsel's own website.

      c.    <u>Class Members' Right to Opt-Out and Object</u>. Any person who falls within the Class definition may elect to "opt-out" of the Settlement, and thus exclude themselves from the Lawsuit and the Class. Any person who wishes to exercise this option must do so in writing by mail postmarked on or before the Notice Response deadline to Class Counsel at the address provided on the Class Notice. The person's election to opt-out must be signed by the Class member opting-out and must contain the following information: (1) the name of the Class member, (2) the current address of the Class member, (3) the date signed, and (4) a copy of the customer's receipt. No Class member may opt-out through an actual or purported agent or attorney acting on behalf of the Class member unless a fully lawful power of attorney, letters testamentary or other comparable documentation or court order accompanies the request. Otherwise, those persons will be deemed to have forever waived their right to opt-out of the Class. Any person who falls within the Class definition and properly opts-out shall have no further role in the Lawsuit, shall not be bound by the release set forth in the Agreement, and shall not be entitled to any benefit from this Settlement. After the Notice Response deadline, Class Counsel will promptly provide counsel for Defendants with a list of all persons submitting timely notice of their intent to opt-out of the Class. Any Class member who timely excludes him/herself from this Settlement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

Class members may also object to the Agreement by filing written objections with the Court, and serving those objections on Class Counsel and counsel for Defendants no later than the Notice Response deadline. The Class Notice shall advise Class members of this option. Any

objections must be in writing and timely submitted or else they are waived. Class Counsel and counsel for Defendants shall provide any such objections to the Court prior to the fairness hearing. The notice of objection must include the following information with the objection: (1) a statement of the desire to be heard at the fairness hearing and/or a statement of each objection asserted, (2) a detailed description of the facts underlying each objection (if any); and (3) a copy of any documents which the objector may offer during the fairness hearing, including a copy of the receipt giving rise to the objector's claims.

    d. <u>Class Recovery</u>. For the benefit of the Class members, Defendants shall hold 24 (twenty-four) "Customer Appreciation Days" on 24 (twenty-four) separate dates over the course of 15 (fifteen) months (from January 1, 2014 through April 1, 2015). On each such Customer Appreciation Day, any person making a purchase or transaction at or from any Marbles store in the United States (to consist of Marbles stores in operation during the Class period), or via the Marbles website for internet sales, is to receive an automatic 25% (twenty-five percent) discount from his or her total purchase. This discount cannot be applied to any item already on sale and the maximum discount per transaction and per day is $100 (one hundred dollars). All persons, regardless of whether or not they are members of the Class, shall be entitled to receive the automatic discount on as many purchases as they make during any or all of these Customer Appreciate Days.

    e. <u>Recovery to Plaintiff</u>. Defendants shall pay $5,000 to Plaintiff for her service as Class Representative, subject to Court approval.

    f. <u>Attorney's Fees and Costs</u>. Defendants shall pay attorney's fees and costs in the amount of $80,000 to Class Counsel, subject to Court approval.

Case No.: 13 cv 4798

g. <u>Costs of Administration</u>. All costs associated with the publishing and dissemination of notice and advertising of the Customer Appreciation Days pursuant to Paragraph 10 of the Agreement shall be paid by Defendants.

5. The Parties believe that the relief provided for under the Agreement is fair and reasonable, especially in light of the size of the benefit to the Class members, the form of the relief provided, Defendants' financial condition, and the lack of coverage under Defendants' insurance relevant policies.

6. The Parties request that the Court set the following schedule for the proposed Settlement Agreement:

a. Within 10 (ten) days after filing this motion, Defendants shall serve upon the appropriate State official of each State in which a class member resides, the appropriate Federal official, and class counsel, the notice required under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b).

b. Within 14 (fourteen) days after entry of the Preliminary Approval Order, Defendants shall cause actual notice in the form attached to the Agreement as <u>Exhibit B</u> to be published for 2 (two) consecutive days in *USA Today* (1/16 page B/W).

c. Within 14 (fourteen) days after entry of the Preliminary Approval Order, Defendants shall cause actual notice in the form of the Notice quoted in Paragraph 9 of the Settlement Agreement to be posted at the top of Defendants' website's home page and at the top of Defendants' newsletter to be emailed to all Rewards Members.

d. Within 45 (forty-five) days after the deadline for publication set forth in sub-paragraphs (b) and (c) above, each Class Member wishing to do so shall opt out or object to this settlement, or file an appearance in this Lawsuit.

Case No.: 13 cv 4798

      e.      Approximately 7 (seven) days prior to the final approval hearing, any Party wishing to do so shall submit memoranda in support of Final Approval of the Settlement and Defendants shall file a certification of compliance with the notice requirements of the CAFA.

      f.      Approximately 90 (ninety) days following the deadline for sending out the CAFA notice set forth in sub-paragraph (a) above, this Court shall conduct a fairness hearing with respect to the Settlement Agreement attached hereto.

    7.    A proposed Preliminary Approval Order is attached as <u>Exhibit D</u> to the Agreement.

    8.    In support of their motion, the parties submit their Memorandum in Support of Joint Motion for Preliminary Approval of Class Action Settlement, filed contemporaneously herewith.

WHEREFORE, Plaintiff and Defendants respectfully request that the Court enter the proposed Preliminary Approval Order in the same or substantially similar form as that attached as <u>Exhibit D</u> to the Settlement Agreement, granting preliminary approval to the parties' Agreement.

        Respectfully submitted,

        Marbles LLC and Marbles Holdings, Inc.,

        By:   s/ John P. Buckley
             Attorney for Defendants

John P. Buckley (IL #6191463)
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-9238 telephone
jpbuckley@uhlaw.com

Case No.: 13 cv 4798

Amy Joseph,

By:    s/ Thomas A. Zimmerman, Jr.
        Attorney for Plaintiff

Thomas A. Zimmerman, Jr. (IL #6231944)
Adam M. Tamburelli (IL #6292017)
Frank J. Stretz (IL #6310264)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

Case No.: 13 cv 4798

**CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system this 1st day of August, 2013. Parties may access this filing through the Court's CM/ECF System.

          John P. Buckley
          Ungaretti & Harris LLP
          3500 Three First National Plaza
          Chicago, Illinois 60602
          jpbuckley@uhlaw.com

          s/ Thomas A. Zimmerman, Jr.
          Attorney for Plaintiff

Thomas A. Zimmerman, Jr. (IL #6231944)
Adam M. Tamburelli (IL #6292017)
Frank J. Stretz (IL #6310264)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com